UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------x

ELAINE L. CHAO, Secretary,
United States Department of Labor,

        Plaintiff,

    -against-

LOCAL 804, DELIVERY AND WAREHOUSE
EMPLOYEES OF THE INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, AFL-CIO,

        Defendant.

--------------------------------------x

**CV 04 1808**

FILED
IN CLERK'S OFFICE
COMPLAINT DISTRICT COURT E.D.N.Y.
★ APR 3 0 2004 ★

Civil Action BROOKLYN OFFICE
No.
( WEINSTEIN, J.
( , M.J.)

AZRACK, J.

      Plaintiff ELAINE L. CHAO, Secretary of Labor, by her
attorney, ROSLYNN R. MAUSKOPF, United States Attorney for the
Eastern District of New York, Richard K. Hayes, Assistant United
States Attorney, of counsel, alleges as follows:

## NATURE OF THE ACTION

    1.   Plaintiff brings this action under Title IV of the
Labor-Management Reporting and Disclosure Act of 1959, as
amended, Act of September 14, 1959, 73 Stat. 519, et seq., 29
U.S.C. §§ 481-483 (hereinafter referred to as the "Act").

## JURISDICTION AND VENUE

    2.   This Court has jurisdiction over this action
pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1345,
and 29 U.S.C. § 482(b).

3.   Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

## PARTIES

4.   Plaintiff, Elaine L. Chao, is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action pursuant to Section 402 of Title IV of the Act, 29 U.S.C. § 482(b).

5.   Defendant Local 804, Delivery and Warehouse Employees of the International Brotherhood of Teamsters, AFL-CIO (hereinafter referred to as "Defendant" or the "Local") is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 34-21 Review Avenue, City of Long Island City, County of Queens, State of New York, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6.   Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of Sections 3(i), 3(j) and 401(b) of the Act, 29 U.S.C. §§ 402(i), 402(j) and 481(b).

7.   Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the International Brotherhood of Teamsters, AFL-CIO (hereinafter

2

referred to as the "International"), an international labor organization engaged in an industry affecting commerce within the meaning of Sections 3(i) and 3(j) of the Act, 29 U.S.C. §§ 402(i) and 402(j).

8. Defendant, purporting to act pursuant to its Bylaws and the International's Constitution, conducted an election of officers on or about November 20, 2003, which election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

9. By letters dated October 15, 2003, one letter to the Defendant and the other to the International, James Reynolds (hereinafter referred to as the "Complainant"),a member in good standing of Defendant, protested Defendant's November 20, 2003 election.

10. By letter dated October 15, 2003, to the Complainant, the Defendant denied the protest.

11. By letter dated October 24, 2003, to the Complainant, the International denied the protest.

12. By letter dated October 27, 2003, the Complainant appealed the decision of the International to the International's General Executive Board.

13. Having invoked the remedies available for three calendar months without receiving a final decision, the Complainant filed a timely complaint with the Secretary of Labor

3

on February 13, 2004, in accordance with the provisions of Section 402(a)(2)of the Act, 29 U.S.C. § 482(a)(2).

14. By letter dated April 2, 2004, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's November 20, 2003 election be extended to April 30, 2004.

15. Pursuant to Section 601 of the Act, 29 U.S.C. § 521, and in accordance with Section 402(b) of the Act, 29 U.S.C. § 482(b), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that a violation of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred in the conduct of the Defendant's November 20, 2003 election and that the violation had not been remedied at the time of the institution of this action.

16. Defendant, in the conduct of the November 20, 2003 election, violated Section 401(e) of the Act, 29 U.S.C. § 481(e), by applying its nominating procedures in an unreasonable manner, thereby depriving members in good standing of the right to nominate, be nominated, and be a candidate for union office.

17. The violation of Section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of the Defendant's November 20, 2003 election for the office of President.

4

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring Defendant's November 20, 2003 election for the office of President to be null and void;

(b) directing Defendant to conduct a new election for the office of President, under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Dated: Brooklyn, New York
       April 30, 2004

PETER D. KEISLER
Assistant Attorney General

ROSLYNN R. MAUSKOPF
United States Attorney

By:    _____

RICHARD K. HAYES
Assistant U.S. Attorney
Eastern District of New York
1 Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201
(718)254-6050

5

HOWARD M. RADZELY
Solicitor of Labor

NATHANIEL I. SPILLER
Acting Deputy Associate
Solicitor for Labor-Management
  Laws

PATRICIA RODENHAUSEN
Regional Solicitor

SHARON E. HANLEY
Counsel for Advice

SHIREEN M. MCQUADE
Attorney

U.S. Department of Labor
Of Counsel